JOSEPH BALCH, Appellant, v. THE NEW YORK AND OSWEGO MIDLAND RAILROAD Co., Respondent.

The words "laborer" and "labor," as used in the general railroad act of 1850 (section 12, chapter 140, Laws of 1850), which gives a laborer a claim against the company for the indebtedness of a contractor in certain cases, and to a limited amount, are used in their ordinary and usual sense, and imply the personal service and work of the individual designed to be protected. The former does not include one who contracts for and furnishes the labor and services of others, or who contracts for and fur-

nishes a team or teams for work, whether with or without his own services. (Peckham and Grover, JJ., dissenting.)

(Argued November 11th, 1871; decided November 28th, 1871.)

Appeal from judgment of the General Term of the Supreme Court in the fifth district, affirming a judgment entered upon the report of a referee against the plaintiff.

The action was brought to recover for work done by the plaintiff with his team, in constructing the defendant's road, under and by virtue of section 12 of the general railroad act. Also for work done by one Annin, with his team, and by one Eddy, with his team, in constructing the same road. The persons last named assigned their several demands to the plaintiff.

The firm of McNary, Claflin & Co. were contractors with the defendant for the construction of a portion of its road; and Stedman, Brown & Co. were contractors with McNary, Claflin & Co. for constructing a part of their job. Stedman, Brown & Co. employed the plaintiff and his assignors. They were not paid for their work, and severally notified the defendant as required by the statute.

The plaintiff and his assignors severally worked with his team for the contractor at three dollars and fifty cents per day.

The referee held, as matter of law, that a party, who, with his team performed labor at an agreed price for himself and team, could not recover. The plaintiff duly excepted.

Section 12 of chapter 140, Laws of 1850, under which this action is brought, reads as follows: "As often as *any contractor* for the construction of any part of a railroad which is in progress of construction, shall be indebted to *any laborer* for thirty or any less number of days labor performed in constructing said road, *such laborer* may give notice of such indebtedness to said company in the manner herein provided. And said company shall thereupon become liable to pay such laborer the amount so due him for such labor; and an action may be maintained against said company therefor. Such

notice shall be given by said laborer to said company, within twenty days after the performance of the number of day's labor for which the claim is made. Such notice shall be in writing, and shall state the amount and number of day's labor, and the time when the same was performed, for which the claim is made, and the *name of the contractor from whom due*; and shall be signed by such laborer or his attorney; and shall be served on an engineer, agent or superintendent employed by said company, having charge of the section of the road on which such labor was performed, personally, or by leaving the same at the office or usual place of business of such engineer, agent or superintendent, with some person of suitable age. But no action shall be maintained against any company under the provisions of this section, unless the same is commenced within thirty days after notice is given to the company by such laborer as above provided."

*F. Kernan*, for appellant. The provision extends to laborers employed by a sub-contractor. (*Kent* v. *N. Y. C. R. R.*, 12 N. Y., 628.) The provision is remedial and should have a reasonable construction to effect the end in view. (Kent's Com., p. 469; Dwarris on Stat., 615; *Warner* v. *H. R. R. Co.*, 5 How., 454.) The statute protects the man, who, with his tools or team performs labor. (*Warner* v. *H. R. R. Co.*, 5 How., 452; *Swift* v. *Kingsley*, 24 Barb., 541, 546; *Atcherson* v. *Troy*, 6 Abb., N. S., 331, 333.)

*J. C. Kennedy*, for respondent. The statute only protects actual laborers. (*Swift* v. *Kingsley*, 24 Barb., 541, 545; *Coffin* v. *Reynolds*, 37 N. Y., 640, 646; 24 Barb., 87; 38 Bar., 390; 24 N. Y., 643.)

ALLEN, J. By the general railroad act of 1850 (Laws of 1850, chap. 140, § 12), a claim is given against a railroad corporation, for the indebtedness of a contractor to any laborer, for thirty or any less number of days' labor, performed in constructing the road of such corporation. The act requires the laborer to give notice, within a limited time, of the num-

ber of days' labor for which the claim is made. The notice must state, among other things, the amount and number of days' labor, and the time when the same was performed.

The terms " laborer " and " labor " were used in their ordinary and usual sense; and the provision was intended to secure the common laborer, one who earned his daily bread by his toil, a compensation for his own work. The terms necessarily imply the personal service and work of the individual designed to be protected. The term " laborer " cannot be construed as designating one who contracts for and furnishes the labor and service of others, or one who contracts for and furnishes one or more teams for work, whether with or without his own services or the services of others to take charge of the teams while engaged in the service. When once an enlarged meaning is given to the words " laborer " and " labor," as used in the statute, one more extensive than that given by lexicographers, or than is popularly given to them, and so as to include those who perform work by themselves as well as by agents and servants, or themselves with a team, or with mechanical appliances, there will be little difficulty in the effort to give a liberal effect to the statute to bring within its terms all who, in any way, contribute to the construction of the road by furnishing labor of others, or in any form and by any means, and without limit as to the amount or character of the labor, subject only to the limitation of thirty days for its performance. If a man is entitled to the benefit of the statute who furnishes one team, the man who furnishes fifty is within the same rule; and the fact that the man labors with, or drives his team, or by himself and his servants drive all his teams, cannot affect the principle.

In neither case is the labor performed by the team that of a laborer. (*Conant* v. *Van Schaick*, 24 Barb., 87; *Ericsson* v. *Brown*, 38 id., 390; both approved in *Coffin* v. *Reynolds*, 37 N. Y., 640.) In the latter case the meaning of the same terms used in an analogous statute was restricted, and held not to include skilled artificers or those rendering service requiring skill, or such as are not regarded as common, ordi-

nary labor, and the act was confined in its operation and effect to manual labor not requiring skill.

The principle of these cases should be decisive of this. The court, in *Aiken* v. *Wasson* (24 N. Y., 482), says: "It is obvious, from the nature and terms of this and other provisions of the act, as from a general policy indicated by analogous statutes, that the legislature intended to throw a special protection around that class of persons who should actually perform the *manual* labor of the company." They say, further, that it would not harmonize with the general scope and object of the act to give the words their broadest interpretation. In the two opinions delivered in this court in *Atcherson* v. *Troy and Boston R. R. Co.* (6 Abb. Pr. R., N. S., 329), the very point involved here was affirmed in accordance with the judgment of the Supreme Court in this case, and the judgment of the court was in accordance with the result of these opinions. The learned reporter of the court at that time, speaking from his notes, says that the precise point was not decided by the concurring opinion of five judges. But the statement of the judges, as well as their argument, is high evidence of the law, and their opinions are entitled to great respect, even if they were not adopted by a sufficient number of judges to give them authority as the judgment of the court, there being in the case other grounds for the decision actually given. It does appear that the judgment was so modified as to give the plaintiff a judgment for his own labor only, on the ground that no objection was made to that in the court below.

It is not allowable, and would lead to mischief, in the interpretation and application of statutes, to give this statute a latitudinarian construction, which would include within it the claim of the plaintiff. It is not warranted by principle, and the authorities are opposed to it.

I am for an affirmance of the judgment.

Ch. J., ALLEN, FOLGER, and RAPALLO, JJ., concur; GROVER and PECKHAM, JJ., dissent.

Judgment affirmed.