Van Vorst, J.
The defendant is a stockholder in a corporation organized under the laws of the State of Michigan. The Michigan statute provides that “the stockholders of companies incorporated under this act shall be jointly and severally liable for all labor performed for such company, but no suit shall be brought against any stockholder for any debt of said company *278 ■until judgment on the demand shall have been obtained against the company, and execution thereon returned unsatisfied in whole or in part.”
The plaintiff was the secretary of the company, and rendered services for it as such, and also as bookkeeper in its office in the city of New York, at a salary of *§3,000 per annum, payable in monthly installments. For arrears of his salary remaining unpaid he recovered a judgment in the State of New York, and upon a return of an execution unsatisfied he commenced this action against the defendant, a stockholder of the corporation. The defendant demurs to the complaint.
The first question raised is, are the services rendered by the plaintiff “labor performed,” within the meaning of the act %
This term has received judicial construction in the State of Michigan; and I am of opinion that this court should follow the Michigan decisions with respect to the construction of a statute of that State. Such decisions represent the sense of the State which passed the law. These decisions are adverse to the plaintiff’s claim in this action (Brockway v. Innes, 39 Mich. 47; S. C., 33 Amer. R. 348 ; Peck v. Brown, 39 Mich. 594).
The effect of these decisions is to place so restricted a meaning upon the term “ labor,” as used in the statute, and to exclude services rendered of the nature referred to in those cases, as to prove fatal to the plaintiff’s right of recovery.
I am of opinion that those decisions exclude the plaintiff’s claim as secretary, although he, as such, rendered services as bookkeeper in the company’s office. I am of opinion also that under the decisions of this State, in which the provisions of kindred laws are considered, a like result is reached (Balch v. New York and Oswego Midland R. R. Co., 46 N. Y. 521; Coffin v. Reynolds, 37 Id. 640).
There are several New York statutes in which dif *279 ferent terms in. this connection are used. “ Laborers” and 11 servants” are sometimes mentioned; and the decisions in this State apply to different statutes, which is not to be overlooked in the endeavor to ascertain their force (Stryker v. Cassidy, 76 N. Y. 50).
Harris v. Norvell (1 Abb. New Cas. 127) is referred to by the counsel as advancing a more liberal interpretation. But the corporation under consideration in that case was organized for the publication of a newspaper, and “ it is reasonable to conclude that the business of the corporation and the character of the services required would have some influence in determining whether a given service was within the terms of the act.”
The other question raised by the demurrer grows out of the recovery of the judgment, and the issue of the execution thereupon, in the State of New York.
In order to proceed against a stockholder under the Michigan statute, the condition precedent created by the act- must be performed. The remedy at law by judgment and execution against the corporation must be exhausted, and I am of the opinion that such steps must be taken in the State which created the corporation, and in pursuance of which it has being. The judgment must be recovered and the execution issued in Michigan. I do not think that proceedings in another State, of this character, answer the requirements of the statute. Dean v. Mace (19 Hun. 391) I think goes to that extent.
There should be judgment for the defendant on the demurrer, with costs.