(25 Misc. Rep. 34.)

## CHARRON v. HALE.

(Supreme Court, Special Term, St. Lawrence County.   October, 1898.)

INSOLVENCY—LABORER'S PREFERENCE.
    Laws 1885, c. 376, § 1, preferring wages of employés, operatives, and laborers of corporations which have become insolvent, does not protect a contractor who agreed to cut, haul, and skid logs at a stated price per thousand, and who was to furnish his own workmen and teams to do the work.

Application by Louis Charron against Ledyard P. Hale, as receiver of the Canton Lumber Company, for a laborer's preference against the insolvent corporation.   Denied.

Horace D. Ellsworth, for Charron.

George E. Van Kennan and Lawrence Russell, for receiver.

RUSSELL, J.   Under the statute preferring the wages of employés, operatives, and laborers of corporations which have become insolvent, the applicant seeks a preference for the sum of $1,154.65, with interest.   Laws 1885, c. 376, § 1.   Charron's claim arose out of an agreement with the Canton Lumber Company to cut, skid, and haul to the river all the merchantable logs on a tract of land in the township of Clifton.   He was to hire all the workmen and teams, and furnish the proper equipments and camps, so that the Canton Lumber Company was to pay nothing beyond the contract price of $2.75 per 1,000 feet, of which $1.50 per 1,000 feet should be paid when the logs were cut and skidded, and roads cut to the river.   It was immaterial to the company how much he paid the 15 or 20 employés hired by him, or what it cost him for housing them in camp or feeding them, or what the camp equipage and the equipments for performing the work amounted to.   His direct responsibility, under the agreement, was to perform the job, and that of the lumber company to pay according to the price fixed.   The statute giving a preference to the wages of employés, operatives, and laborers was designed to afford protection to those who work for a corporation, create by their personal skill or toil the products of the company, and who, presumably, from their occupying a subordinate position under the control and direction of the master, and want of means for other protection, could not well guard themselves against the disaster of insolvency produced by the general management or misfortunes of the corporation.   It was not intended to give additional security for the performance of a contract made by the company with an independent contractor, beyond that which he had the power to provide for in entering into the agreement.   Under statutes giving preference to laborers and servants, it has been held that contracts to furnish the labor and services of others, or teams, with or without the services of the contractor, do not give the claimant a preference.   Balch v. Railway Co., 46 N. Y. 521; People v. Remington, 45 Hun, 329, affirmed 109 N. Y. 631, 16 N. E. 680. Nor may a bookkeeper and general manager be preferred.   Wakefield v. Fargo, 90 N. Y. 214.   Nor a secretary.   Coffin v. Reynolds, 37 N. Y. 640.   But an architect is entitled to preference, the statute

in regard to liens covering skilled as well as unskilled labor. Stryker v. Cassidy, 76 N. Y. 50. Therefore counsel for a company may claim to be an employé. Gurney v. Railroad Co., 58 N. Y. 358 (Grover, Andrews, and Johnson, JJ., dissenting). Upon the facts presented, it would seem unjust to hold the Canton Lumber Company liable for the acts of Charron causing damage or injury to other persons by negligence or other tort. If he was acting as a subordinate agent of the company, his acts would be their acts. He was independent of the corporation within the sphere of his contract obligation. He was not an employé, operative, or laborer, nor were the sums to be paid to him wages earned for services to an employer. The motion is denied, with costs.

Motion denied, with costs.