## Western Stone Co. v. Tim Carver et al.

1. STATUTES—*Construction of Section One of the Act of 1895, to Pro-tect Laborers in their Claims for Wages.*—Under section one of the act of June 21, 1895, relating to the protection of employes and laborers in their claims for wages (Laws of 1895, 242), the business of a person oper-ating a saw-mill is to be deemed suspended by the action of creditors, when the mill with its appurtenances is levied upon by the sheriff under an execution issued upon a judgment against the owner, notwithstand-ing such owner has not operated the mill continuously prior to such levy, but was seeking contracts to enable him to do so.

2. LABOR—*Justice's Judgment for, When Entitled to Preference under the Act of 1895.*—A judgment for wages against the proprietor of a saw-mill, obtained before a justice of the peace, three months prior to a levy made by the sheriff under an execution issued upon another judgment against such proprietor. is no less a debt owing for labor because re-duced to judgment before a justice of the peace prior to the suspension of the proprietor's business under the provisions of the act of 1895.

3. INTERPLEADING—*Not Permissible under the Act of 1895.*—There is no provision in the act of 1895 for changing the parties to a suit pros-ecuted by a laborer to recover his wages or authorizing a third party to interfere in such suit for the purpose of determining whether or not one is indebted to the other.

4. SAME—*In Suits for Wages.*—Persons interested in contesting claims of employes or laborers, under the act of 1895, must do so by filing exceptions supported by affidavit in the manner provided in said act. There is no authority in the act for interfering in suits by employes against their employers.

5. JUDGMENTS—*For the Services of Employes and Laborers—Serv.*

Western Stone Co. v. Carver.

*ices of Teams Included.*—The act of the General Assembly, approved June 21, 1895, relating to judgments for the services of a laborer's horse or team (Laws of 1895, 173), and the act relating to the protection of employes and laborers in their claims for wages. also approved June 21, 1895 (Laws of 1895, 242), are to be construed together, and compensation for the services of his horse or team is properly included in a judgment for wages under the latter act and entitled to priority of payment in accordance with the provisions of the law.

**Contest of Claims,** under the act of 1895. Appeal from the Circuit Court of Cook County; the Hon. John Gibbons, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Mr. Justice Horton dissenting. Opinion filed January 29, 1901.

Dupee, Judah, Willard & Wolf, attorneys for appellant, contended that the claims filed by appellees are not labor claims, within the meaning of the act.

The laborer or servant, to be entitled under the statute to a preference as against the judgment creditor, must have been in the employ of the debtor at the time the business was suspended by the action of creditors or put into the hands of a receiver or trustee.

The statute in question 'provides for " debts owing to laborers or servants which have accrued by reason of their labor or employment," and there is no provision looking toward the payment of any claim to the laborer or employe for the use of his team.

An employe, by mingling the claim for which he might have enforced a lien with that to which no such privilege attaches, and taking judgment for the whole, loses his right to such a lien. Balch v. N. Y. & O. M. R. R. Co., 46 N. Y. 521; Atcherson v. Troy & Boston R. R. Co., 6 Abb. Pr. (N. S.) 329; McCrillis v. Wilson, 34 Me. 286; Dart Bros. v. McMinds, 21 Pa. Co. Ct. 43; Coburn v. Kerswell, 35 Me. 128; Jones on Liens, Vol. 1, Sec. 1023; Mann v. Burt, 35 Kan. 10; Baker v. Fessenden, 71 Me. 292.

Francis T. Colby, attorney for appellees.

The statute giving preference to laborers and servants being a remedial statute, will be liberally construed to accomplish the purposes for which it was intended, viz., to

preserve to laborers and employes all wages due them in preference to all other creditors. Heckman v. Tammen, 84 Ill. App. 537, aff'd, 184 Ill. 144; Bell v. Hiner, 16 Ind. App. 184; Bass v. Doerman, 112 Ind. 390; Warren v. Sohn, 112 Ind. 213; Farmers', etc., v. Canada, etc., R. W. Co., 127 Ind. 250; Aurora, etc., Bank v. Black, 129 Ind. 595; Prendergast v. Yandes, 124 Ind. 159; Reynolds v. Black, 91 Iowa, 1 (6–10); Buck, Ag't, v. Paine et al., 50 Miss. 648; S. C., 52 Miss. 271.

The remedial character of the statute is further evidenced by the amendment striking out limitations as to the amount of the wages preferred and the time within which it shall have been earned. Session Laws, Ill., 1887, p. 308; Session Laws, Ill. 1895, p. 242.

The statute in effect establishes a lien in favor of laborers and servants which is superior to the lien of a subsequent judgment by confession, since it has been held to be superior to that of a prior recorded chattel mortgage. Heckman v. Tammen, 84 Ill. App. 537, affirmed, 184 Ill. 144.

In placing a construction upon this statute as to whether it shall be held to include the use of a team by the servant the court will examine all the legislative action on the subject of securing his wages to the laborer to ascertain the intention of the legislature.

Twenty-five dollars of wages of laborer or servant exempt from garnishment. Approved March 19, 1872. Laws of 1871–2, p. 465.

No personal property exempt from levy of attachment or execution for wages of laborer or servant. Approved May 24, 1877. Laws 1877, p. 102.

Act increasing the amount of laborers' wages exempt from garnishment from twenty-five dollars to fifty dollars. Approved May 31, 1879. Laws 1879, p. 176.

The law amending section six of voluntary assignment act providing that wages of laborer or servant earned within three months next preceding making of assignment filed and approved as wages shall be preferred claims. Approved June 18, 1883. Laws of 1883 (Legal News Ed.), p. 54.

Act providing that fifty dollars wages of laborer earned within six months preceding shall be first paid out of result of any sale of business when same suspended by action of creditors or put in the hands of a receiver or trustee. Approved June 15, 1887.   Laws 1887, p. 308.

Act allowing an attorney's fee on suit for wages after demand in writing therefor.   Approved June 1, 1889. Laws 1889, p. 362.

An act requiring weekly payment of wages by corporations.   Approved April 23, 1891.   Laws of 1891, p. 213.

An act to prohibit the truck system and providing attorney's fee in suit to recover wages withheld.   Approved May 28, 1891.   Laws of 1891, p. 212.

Amendatory act, striking out limitation of fifty dollars, amount of wages, and six months' limitation within which earned, from statute approved June 15, 1887, laws of 1887, p. 308, *supra*.   Approved June 21, 1895.   Laws 1895, p. 242.

An act providing for the including of the services of a team in judgment for wages.   Approved June 21, 1895. Laws 1895, p. 173.

Mechanic's lien laws.

As to the effect of John Neil's judgment on his lien, where an equitable lien has once arisen and there is no express waiver, it is not waived by the subsequent taking of a legal and perfected lien to the same extent and upon the same property, nor is the equitable merged in the legal lien.   Jones on Liens, Sec. 1012 (2d Ed.); Payne v. Wilson, 74 N. Y. 348.

The taking of a mortgage upon the same property upon which the creditor claims a statutory lien shall not displace the lien.   Roberts v. Wilcoxson, 36 Ark. 355; Franklin v. Meyer, 36 Ark. 96.

A futile attempt to acquire a lien more specific and conclusive than that provided for by statute in no wise manifests an intention to release the property from the statutory intention to hold the property, if possible, for the payment of the claim.   Clark v. Moore, 64 Ill. 273 (280).

Unless a note is taken in absolute judgment of a debt it

does not discharge the lien. Van Court, Impl., etc., v. Bushnell et al., 21 Ill. 624.

A mechanic's lien is not merged or impaired by a judgment against the party personally liable. Am. & Eng. Enc. of Law, p. 110, and cases cited, note 3.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellant recovered judgment against one William Carden, upon which execution duly issued and was placed in the hands of the sheriff. The property of the debtor was sold under said execution and the sheriff holds the proceeds. The appellees herein had been in the employ of Carden, and filed with the sheriff statements of the amounts claimed to be due them for labor under Chap. 38a, R. S., wherein it is provided :

" That hereafter, when the business of any person, corporation, company or firm shall be suspended by the action of creditors, or be put into the hands of a receiver or trustee, then in all such cases the debts owing to laborers or servants, which have accrued by reason of their labor or employment, shall be considered and treated as preferred claims, and such laborers or employes shall be preferred creditors and shall be first paid in full, and if there ·be not sufficient to pay them in full, the same shall be paid from the proceeds of the sale of the property seized; *provided*, that any person interested may contest any such claim or claims or any part thereof by filing exceptions thereto, supported by affidavit, with the officer having the custody of such property, and thereupon the claimant shall be required to reduce his claim to judgment before some court having jurisdiction thereof before any part thereof shall be paid."

The Circuit Court found that Carden's business was suspended by the sheriff's levy and ordered payment of appellees out of the fund in the sheriff's hands as preferred claimants, the remainder to be paid appellant to apply on its judgment. From such finding and judgment this appeal is taken.

It is stated by appellant that the decision must depend upon the construction to be placed upon said act. The appellant's judgment was obtained by confession, September

11, 1899. One of the appellees, John Neil, had recovered judgment against Carden in June preceding. The claims of the others had not been reduced to judgment when filed with the sheriff, but upon exceptions thereto being filed by appellant, each of said appellees brought suit before a justice to reduce his claim to judgment as required by the aforesaid statute.

It is contended by appellant that the business of William Carden, the judgment debtor, was not "suspended by the action of creditors" nor "put into the hands of a receiver or trustee," as required, to make the statute operative. Affidavits were filed tending to show that the business of Carden at the saw-mill, which, with appurtenances, was levied upon by the sheriff under appellant's execution, had been closed or suspended since the December previous to the levy. But on the other hand there are affidavits filed in behalf of appellees tending to show that the mill in question was operated by Carden for the manufacture of Cedar blocks used in street paving, for which he had made bids, and that mills operated in the manner and for the purpose of this one, were not run continuously, but as their product was required for use in filling contracts; that Carden had uncompleted contracts with the city, that the latter was in debt to him, and that his business had not been closed or suspended up to the time when his tools, office desks, chairs, etc., were seized under appellant's execution. It is also made to appear that Carden had cut a quantity of block for the city in April, was seeking other contracts, and prior to said seizure by the sheriff operated the mill whenever he could get a contract. It appears to be true that Carden was financially embarrassed, but we think the evidence justified the Circuit Court in finding that the business was not suspended prior to the levy by appellant.

It is objected to the allowance of the claim of John Neil, that he had already obtained judgment for wages against Carden about three months prior to the judgment in favor of appellant; that instead of levying upon Carden's property at the time, he sat quietly by until appellant had

realized the money in controversy by superior diligence, and therefore he is not entitled under the statute. But Neil's claim was no less a debt owing for labor because reduced to judgment before a justice prior to the suspension of Carden's business by action of appellant, and it is, we think, properly entitled to preference under the provisions of the act referred to.

It is urged further by appellant that the provision requiring the claimant to reduce his claim to judgment when exceptions have been filed thereto, before any part thereof shall be paid, "means a suit in which the objecting creditor shall have a right to contest the claim and appeal from the judgment." It appears that appellant's counsel appeared before the justice where appellees had sued to obtain judgments against Carden, and sought to be allowed to be heard in opposition to appellees' claims. The justice refused to allow said counsel representing appellant to intervene and be heard on the merits. It is insisted that appellant was entitled to be allowed to contest appellees' claim against Carden. It is argued that appellant was the one most interested in preventing the allowance of any claim or the rendition of any judgment against Carden which would result in depriving it of any of the money in the sheriff's hands secured by its diligence. But it must be said that while the right of appellees to share in the fund held by the sheriff is fixed by the statute, no provision is made changing the parties to a suit prosecuted by a laborer to recover his wages. We know of no principle or statute which would authorize a third party to interfere in a suit between two litigants, where the sole purpose of the suit is to determine whether one is indebted to the other and how much. Appellees were not heard, and had no right to be, in the suit by which appellant obtained its judgment against Carden. Said judgment was obtained by confession, but appellant would scarcely concede appellees' right to step in and seek to set aside that judgment in which they had no direct interest. We know of no reason why appellant's right to interfere between Carden and appellees is greater

than appellees' right to interfere between Carden and appellant. It seems to be considered that appellant may have had a right to appear in the suits against Carden before the justice, and upon its own request be made a party defendant. We find no authority for this view in the statute, nor is it quite evident how the suit could be maintained against defendant, even with its consent to be joined as party defendant. It was not indebted to appellees, and the justice would have been obliged to dismiss as to appellant when the evidence made it clear that Carden alone was the debtor against whom appellees could recover. But whether appellant was properly refused a hearing before the justice is not now, strictly speaking, before us. This is not an appeal from the judgments there rendered. It is sufficient for the purposes of this case that the justice appears to have had jurisdiction of the subject-matter and of the parties, and as no appeal from his judgments was taken, they became final. The right to "contest any such claim" is limited to the manner provided in the statute. Upon such contest "by filing exceptions" with the officer holding the property the claimant is required to obtain judgment in the usual way, which otherwise he need not do.

It is further contended that the claims of certain of the appellees included compensation for use of their teams as well as for their own labor. It is urged that such debts are not those covered by the statute as having accrued to the laborer by reason of his own labor or employment. Cases are cited by appellant's counsel in which it has been held that under such a statute compensation for the use of a team can not be recovered, even though the laborer works with or drives his team himself. See Balch v. N. Y. & O. M. Ry. Co., 46 N. Y. 521; Atchison v. Troy & B. Ry. Co., 6 Abbott Prac. (N. S.) 329; McCrilles v. Wilson, 34 Me. 285; Baker v. Fessenden, 71 Me. 292. It is said, under authority of these and other cases, that having included compensation for use of their teams with claims for the amount due for personal services, said appellees have lost their entire liens, it being impossible for the court to separate the claims for wages

for personal service from that allowed for teams. But at the same session at which Chap. 38a, above referred to, was enacted, there was also adopted an act which was approved and went into force at the same time. It is as follows:

"In all actions brought to recover wages due any laborer or servant, when it shall appear to the satisfaction of the court or jury that it was necessary in the performance of said labor that the laborer or servant use his horse or team, then said service shall be included in said wages, and become a part of the judgment for said wages, *and from such judgment nothing shall be exempt.*"

This enactment is placed in the revised statutes as the last section (19) of Chap. 52, entitled "Exemptions," apparently because of the concluding clause, which we have italicized. But this clause of the section covers a subject not expressed in the title of the act, and is substantially a repetition of section 16 of said chapter 52, which covers the same point. The rest of the enactment proceeds, as its title states, to "include in judgments for wages the services of the laborer's horse or team," and relates more nearly to the subject-matter of Chap. 38a, which became a law at the same time. We agree with appellees' counsel that they are to be construed together, and that compensation for the service of his team was properly included in the judgments in favor of said appellees, entitled to priority of payment in accordance with the provisions of Chap. 38a. By the latter act the debts owing a laborer or servant, in other words, wages, are given priority, and provision is made for payment when reduced to judgment. By the additional act found at the end of Chap. 52, services of the laborer's team is required to be "included in said wages and become a part of the judgment for said wages."

Finding no error in the judgment of the Circuit Court it must be affirmed.

Mr. Justice HORTON dissenting.