(86 App. Div. 367.)

PEOPLE ex rel. SEIB v. REDFIELD, Commissioner of Public Works.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. MUNICIPAL CORPORATION—EMPLOYES—CHARACTER OF SERVICE—DISCHARGE—REINSTATEMENT.

    Where relator contracted to furnish a horse and wagon to the city and drive the same in its use in the department of highways for the sum of $3.75 per day, his engagement was for services other than personal employment, and hence the contract was subject to termination by the department, in accordance with its terms, at any time.

2. SAME—CIVIL SERVICE LAW—DISCHARGED FIREMEN.

    A person employed by the department of highways, who was an honorably discharged fireman, to furnish a horse and wagon and drive same for such department for the sum of $3.75 per day is not a "person holding a position by appointment or employment," within Civil Service Law 1899, p. 809, c. 370, § 21, prohibiting a discharge of such persons without a hearing on charges as prescribed by such section.

Appeal from Special Term, Kings County.

Mandamus by the people, upon the relation of Jacob Seib, against William C. Redfield, as commissioner of public works of the city of New York, borough of Brooklyn, to compel relator's reinstatement as an employé in the department of highways. From an order denying a writ, relator appeals. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Thomas J. O'Neill, for appellant.

James McKeen (Walter S. Brewster, on the brief), for respondent.

HIRSCHBERG, J. We think the order denying the relator's application was proper, if for no other reason, because his relations

with the municipal department were for services beyond his personal employment. His engagement, as conceded by his counsel upon the oral argument, was to furnish a horse and wagon to the city and to drive the same for the sum of $3.75 per day. It was within the province of those in charge of the department to terminate such a contract at any time in accordance with its terms. The relator's application for reinstatement is based upon section 21 of the civil service law (chapter 370, p. 809, Laws 1899), under the claim that he is an honorably discharged exempt fireman; but it is evident from the nature of his engagement that his relations with the municipality are purely contractual, involving the use of the horse and wagon as well as his own services at a lump sum per diem, and that he is, therefore, not, within the meaning of the section cited, a "person holding a position by appointment or employment."

The order should be affirmed, with $10 costs and disbursements. All concur.