JOSEPH BRACKER, Plaintiff, *v.* NICHOLAS J. WELDGEN and Others, Defendants.

Supreme Court, Monroe County, February, 1922.

Liens — building contract — one engaged to furnish a motor truck to cart bricks not a "laborer" within the meaning of section 13 of the Lien Law.

The provision of section 13 of the Lien Law that laborers "for daily or weekly wages" shall have preference over all other claimants, does not apply to laborers with whom a special arrangement has been made as to the amount and manner of their compensation.

One L., engaged by a building contractor to cart bricks, stone, wood and other material, was to furnish a motor truck for carting, and was to be paid two dollars and fifty cents per hour. He was not employed regularly but only when called upon to do such work. Two checks given him for the balance due on account went to protest and he was not paid for his labor. *Held*, that he was not a "laborer" within the meaning of the Lien Law.

The report of the referee to ascertain liens upon surplus moneys containing a finding that L. was a laborer within the meaning of the statute and granting a preference to his lien for labor performed under his contract for the improvement of the property described in the complaint will be disapproved as to such findings but otherwise confirmed.

MOTION to confirm the report of a referee appointed to ascertain the liens upon surplus moneys and the priority of the several liens.

*Nicholas J. Weldgen (Jacob Rosenzweig, of counsel), in person and as trustee.*

*Van Alstyne & Toan,* for defendant Nellie W. Heffer, as executrix.

CUNNINGHAM, J. A question arises upon this motion as to whether the lien filed by Morris H. Lipsky has preference over the liens of other claimants, it being contended that he was a laborer for daily or weekly wages.

Lipsky was engaged by the contractor to cart bricks, stone, wood and other materials. Lipsky was to furnish a motor truck for such carting and was to be paid two dollars and a half per hour. He performed the work himself, having at some times the assistance of a man furnished by the contractor. The contractor called upon him to do work when he needed him; he was not employed regularly. He received a payment by check of the sum of fifty dollars on his

12

account and also received two checks for the balance, one for sixty-nine dollars and the other for one hundred dollars and thirty cents, which were protested and on which Lipsky did not receive the money.

The Lien Law defines " laborer " as " any person who performs labor or services upon such improvements." § 2.

Laborers, sub-contractors and materialmen are given preference over the contractor. § 56.

In addition " laborers for daily or weekly wages " have preference over all other claimants. § 13.

It is apparent that the legislature did not intend to have this latter preference apply to all laborers. Effect must be given to the words " for daily or weekly wages." It is evident that it was the intention of the legislature, by the use of these words, to limit the classes of laborers to whom such preference was given. I believe that it was the intention that this preference should apply to the laborers appearing upon the regular payroll of the contractor and not to those with whom a special arrangement was made as to the amount and manner of compensation.

It has been held that the Workmen's Compensation Act does not withhold compensation from " casual or occasional employees," but that the legislature might make such provision if it deemed it proper, and it is stated that such limitation is contained in the Compensation Act of other states. *Matter of Rheinwald* v. *Builders' Brick & Supply Co.*, 168 App. Div. 425.

It seems to me that in the Lien Law the legislature did intend to confine unlimited preference to laborers regularly employed, who, when of the same class or skill, receive the same rate of wages and whose wages are paid at a stated time.

The Court of Appeals has twice decided that the word " laborer " does not apply to one who furnishes a team for work, even though his own services to take charge of the team are included. *Balch* v. *N. Y. & Oswego Midland R. R. Co.*, 46 N. Y. 521; *Atcherson* v. *Troy & Boston R. R. Co.*, 6 Abb. Pr. (N. S.) 329. See, also, *People ex rel. Seib* v. *Redfield*, 86 App. Div. 367.

The report of the referee is disapproved in so far as it finds " that Morris H. Lipsky was a laborer within the meaning of the Lien Law of the State of New York and performed labor for the improvement of the real property described in the complaint herein, which labor consisted of the carting of brick, stones, wood and other miscellaneous materials to said property for incorporation in the building being constructed thereon," and also in so far as it grants preference to Lipsky's lien, but otherwise the report is confirmed.