JOHN HENRY HAMPTON, Plaintiff, v. INCORPORATED VILLAGE OF FREEPORT and Another, Appellants, and JOHN ROSELLE and Others, Respondents, and AMATO & McCARRON, INC., and Others, Defendants. PROGRESSIVE CLAY COMPANY, Plaintiff, v. INCORPORATED VILLAGE OF FREEPORT and Another, Appellants, and JOHN ROSELLE and Others, Respondents, and AMATO & McCARRON, INC., and Others, Defendants.— The judgment allows liens of certain persons as to the public improvement contract of the defendant village, and directs payment thereof from a fund representing sums earned by the original contractor. Other claims for liens were rejected. There is no dispute in the facts. The contractor defaulted with the work only partially completed and the village let the contract for completion to another. The cost of completion was in excess of the original contract price. After the work had been completed the village sued the original contractors and the surety and recovered the damages it had suffered. (*Village of Freeport* v. *National Surety Co.*, 264 N. Y. 553.) There were in the hands of the village certain sums which had been certified to be due to the original contractor and which had not been paid. This money constitutes the fund from which the liens were payable. A portion of this fund consists of a percentage withheld by the village under the terms of the contract. The only question on this appeal is whether this latter sum belongs to the village or is applicable to the payment of liens. Very likely, under the terms of the contract, if the village had suffered a

loss after the completion of the contract, this sum could have been applied to that loss before payment could be made to the lienors. ( *Kelly* v. *Bloomingdale*, 139 N. Y. 343; *Upson* v. *United Engineering & Contracting Co.*, 72 Misc. 541.) But, presumptively, the village has recovered its entire loss in its judgment against the contractors and surety, which has been paid. It appears that the sums that had been paid to the contractor and the sums that it had earned but had not been paid were included in the claims of the village in the suit. The fact that the verdict was not for the full sum claimed does not indicate that these particular items were disallowed. Therefore, the sum represented by the withheld percentages belongs not to the village but constitutes a fund applicable to the payment of liens for work done prior to the default of the original contractor. The lienors became subrogated to the right of the contractor to claim this sum in satisfaction of their liens. To hold otherwise would constitute an unjust enrichment of the village. (See *Laski* v. *State of New York*, 217 App. Div. 420; *Arrow Iron Works, Inc.*, v. *Greene*, 260 N. Y. 330, 336.) The Long Island Labor Service, Inc., takes a separate appeal from the rejection of its lien. It made a contract with the original contractor to furnish certain laborers, whom it paid weekly, but the contractor did not pay this company for the services rendered. It claims that it is entitled to file a lien and be paid for the services of its laborers. It does not bring itself within the provisions of section 2, defining " laborer," nor of sections 5, 12 and 25 of the Lien Law. It has done no labor and those under contract with it have been paid. The intent of the statute was to give to those who work through personal toil at daily or weekly wages the right to file a lien and to have a preference over other claims in cases of this nature (*Matter of Charron* v. *Hale*, 25 Misc. 34), and the terms " laborer " and " labor " in the statute are used in their ordinary and usual sense and imply personal service and work of the individual designed to be protected. (*Balch* v. *N. Y. & Oswego Midland R. R. Co.*, 46 N. Y. 521; *Bracker* v. *Weldgen*, 118 Misc. 177.) Judgment in so far as appeals are taken therefrom unanimously affirmed, with costs. Present — Lazansky, P. J., Tompkins, Davis and Johnston, JJ.; Hagarty, J., not voting.