Griffith, J.
There is no substantial disagreement between the parties as to the facts. It is conceded that the plaintiff placed the laborers with the contractor, Phillips; that they worked under the direction and supervision of Phillips; and that the plaintiff paid them for their work on the job. The laborers did improve defendants’ property, and the amount of $1,955.45, paid to the laborers, is the true and correct amount.
The plaintiff had a contract with the contractor, Phillips, to furnish him laborers as he requested from time to time. Plaintiff furnished such laborers, who rendered satisfactory service, and plaintiff paid them in full. Phillips did not pay the plaintiff for the services rendered, and thereby defaulted.
*47 The question presented in this appeal is whether, under Section 1311.02, Revised Code, a corporation which furnishes laborers to a contractor is entitled to a lien on the property of the owner of real property for labor and work rendered by such laborers, employees of the corporation, in the improvement of such property.
The precise question has never been decided by the courts of this state.
So far as pertinent, Section 1311.02, Revised Code, reads:
“Every person or corporation who does work or labor upon, or furnishes machinery, material, or fuel for constructing, altering * * * repairing, or removing a house * * * or other building * * * by virtue of a contract, express or implied, with the owner, part owner, or lessee of any interest in real estate, or his authorized agent, and every person who as a subcontractor, laborer, or materialman, performs any labor, or furnishes machinery, material or fuel, to an original or principal contractor, or any subcontractor, in carrying forward, performing, or completing any such contract, has a lien to secure the payment thereof * *
The first part of that section deals with mechanics’ liens for persons who deal directly with the owner or the lessee of the real estate; and the second part deals with those persons at least once removed from the owner or lessee who deal with the contractor or subcontractor.
Clearly, the plaintiff did not have any contract, express or implied, with either the lessee or the fee holder.
The issue on this matter has been determined adversely to the plaintiff by the dismissal of the plaintiff’s first cause of action by the Court of Appeals, from which dismissal no appeal has been taken.
The next question presented is: Was the plaintiff a “subcontractor” as that term is used in the statute?
“A ‘subcontractor’ agrees to do something for another, but is not controlled or subject to the control of the others in the manner or method of accomplishing the result contracted for.” Gross Income Tax Division v. Fort Pitt Bridge Works, 227 Ind., 538.
The case of Friedman, Recr., v. Hampden Co., 204 Mass., 494, 501, defines a subcontractor as “one who has entered into *48 a contract, express or implied, for the performance of an act with.a person who has already contracted for its performance.”
In the case of Brygidyr v. Rieman, 31 N. J. Sup., 450, the court stated:
“A ‘subcontractor’ is one who enters into a contract with another for the performance of work which such other has already contracted with a third person to perform, and the subcontracting is merely ‘farming out’ to others all or part of the work contracted to bte performed by the original contract.”
Section 1311.01 (D), Revised Code, defines, as follows, a subcontractor:
“ ‘Subcontractor’ includes any person who undertakes to construct, alter, erect, improve, repair, remove, dig, or drill any part of any structures or improvements under a contract with any person other than the owner.”
Subdivision (E) of that section reads:
“ ‘Person’ includes a corporation, partnership, or two or more persons having a joint or common interest.”
Clearly the plaintiff does not meet the statutory definition of a “subcontractor,” nor does it meet the pronounced judicial description of such.
The next question arises: Was the plaintiff a “laborer”?
A laborer is defined by statute (Section 1311.01, Revised Code), as follows:
“ ‘Laborer’ includes any mechanic, workman, artisan, or laborer employed in or about any such work.”
In the case of Robert V. Clapp Co. v. Fox, 124 Ohio St., 331, this court stated:
“It will be seen that a distinction is made between performing work and labor and furnishing machinery, material, and fuel. In the one case, work and labor must be performed ‘upon.’ The materials may be furnished ‘for.’ It will be presumed that the Legislature in using two prepositions with different meanings in alternative propositions in the same sentence has acted deliberately and with intent that the different meanings shall be construed in the ordinary sense of the well-defined meanings of those terms, respectively.”
It is well stated, as follows, in the case of Hampton v. Incorporated Village of Freeport, 279 N. Y. Supp., 776, 244 App. Div., 815, that “the intent of the statute was to give to those *49 who work through personal toil at daily or weekly wages the right to file a lien * * * and the terms ‘laborer’ and ‘labor/’ in the statute are used in their ordinary and usual sense and imply personal service and work of the individual designed to be protected.”
The persons who labored on the job in this case have been paid for their labors by the plaintiff.
Section 1311.02, Revised Code, contemplates only the protection of individual laborers. The statute provides that one must be a subcontractor, materialman or laborer and must perform labor or furnish material in order to have the benefits of this act.
Clearly, the plaintiff did not labor “upon” the premises, although it may have furnished labor for the construction. The latter is a situation not contemplated by the statute.
Although executives of corporations, architects, attorneys, and the like, perform services in the production of wealth, their exertions are primarily mental, and they may not be claimants for work and labor, since their exertions are primarily mental and not physical.
It is apparent that the term, “laborer,” as used in Section 1311.02, Revised Code, refers solely to individuals actually performing work, for, clearly, a business entity such as a business corporation does not come within the general classes included in the definition of “laborer” in Section 1311.01 (C), Revised Code, to wit, “mechanics, workmen, artisans, laborers.” These terms are of common usage and universally refer to the personal trade of the individuals.
“Mechanics’ lien statutes create rights in derogation of the common law and should therefore be strictly construed as to question whether a lien attaches, but their procedural and remedial provisions should be liberally construed, after the lien has been created.” Robert V. Clapp Co. v. Fox, supra.
See, also, Howk v. Krotzer, 140 Ohio St., 100.
It is not for this court to extend the provisions of this act, which is in derogation of the common law, to persons or corporations not clearly and expressly embraced within the language of the act.
Since the plaintiff does not bring itself within the provisions of the lien law (Section 1311.02, Revised Code), in that *50 it was not a subcontractor or a materialman and performed no labor upon tbe job, and since those under contract with it have been paid for their labors, the judgment of the’ Court of Appeals is reversed.

Judgment reversed.

Zimmerman, acting C. J., Taft, Matthias, Bell, Herbert and O’Neill, JJ., concur.
Zimmerman, J., sitting in the place and stead of "Weygandt, C. J.
Griffith, J., of the Seventh Appellate District, sitting by-designation in the place and stead of Zimmerman, J.