William R. Geiler, J.
This is an action for a permanent
injunction.
Plaintiff, an employee of the State University of New York at Stony Brook, with permanent civil service status, seeks to enjoin the defendant university from enforcing the following regulation: “ Any person who registers a vehicle with the University may also obtain a parking permit for that vehicle upon payment of $4. A parking permit entitles a vehicle to park in a particular lot on campus * * * as long as a defined parking space is available there. Vehicles registered with the University but having no parking permit may park in peripheral parking areas only. Parking permits may be revoked with notice. ’ ’
Plaintiff maintains that said regulation, as presently enforced, aids and abets the violation of section 6 of article V of the New York State 'Constitution, which provides: “ Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall he made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive ”.
How does the plaintiff arrive at this conclusion?
The subject regulation is executed by a traffic co-ordinator and a staff of four persons. The fees collected from the enforcement of the subject regulation are used to pay the salaries of the traffic co-ordinator and two members of his staff. They were appointed by the Faculty-Student Association. Neither the traffic co-ordinator nor the two members of his staff were appointed according to merit and fitness. Thus, plaintiff contends that section 6 of article V of the State Constitution has been violated.
The defendant maintains that the instant action should be dismissed on the following grounds:
1. Plaintiff does not have standing to bring this action.
2. Plaintiff must first resort to and exhaust his administrative remedies.
3. The position of traffic co-ordinator is outside of the scope of the civil service system.
The court agrees with defendant’s contention that plaintiff does not have the right to bring this action solely because he is a citizen of the State of New York (St. Clair v. Yonkers Raceway, 13 N Y 2d 72, cert. den. 375 U. S. 970). However, plaintiff has established that he is not bringing this action merely as a citizen. He is an employee at the State University of New York *1005 at Stony Brook. He works at a building where the adjacent parking lot has been subjected to the $4 parking fee and he has in fact paid this fee. Certainly plaintiff is more than a citizen of the State of New York. He is a personally aggrieved party (Oriental Blvd. Co. v. Heller, 58 Misc 2d 920). The statement of the court in the case of Matter of Donohue v. Cornelius (17 N Y 2d 390, 397) is appropriate to the situation herein: ‘1 Jurisdiction is not given to the courts as guardians of the rights of the people generally against illegal acts by the executive or legislature, but when a controversy arises between litigants, the court must then follow the Constitution and may incidentally pass upon an act of the executive or legislative branches while determining the individual rights of the parties. ’ ’
We have such a controversy herein as described by the court in Matter of Donohue v. Cornelius (supra).
Must plaintiff exhaust his administrative remedies before commencing the instant action?
Plaintiff is not merely seeking to redress a grievance, he is challenging the constitutionality of the subject regulation. The facts herein lie within the scope of the holding of the court in the case of Heram Holding Corp. v. City of Albany (33 A D 2d 1086), as contained in the following statement at page 1087: “ Since plaintiff has raised the constitutionality of the ordinance, it is unnecessary to first seek admininstrative relief. (Northern Operating Corp. v. Town of Ramapo, 31 A D 2d 822.) ”
The argument is made by the defendant that the traffic co-ordinator is an independent contractor, being paid out of nonpublic funds, and, therefore, the civil service provisions of section 6 of article V of the State Constitution are not applicable.
This argument is without validity. It is belied by two basic factors. First, the fiction of an independent contractor may not be used to thwart the purposes of the Civil Service Law and the Constitution (People ex rel. Seib v. Redfield, 86 App. Div. 367).
A party is not an independent contractor merely because he is given this title. He must in fact be an independent contractor.
We do not have in the instant matter a situation where the State has subcontracted matters, such as all architectural work of a certain class or of all title searching to an independent party. Here, the State has created a hybrid department consisting of a traffic co-ordinator, a Faculty-Student Association employee, and four other employees under his control. Two of these employees are civil service and two are Faculty-Student Association employees. All the employees work the same hours *1006 as other State employees and observe the same regulations and supervisions. The traffic co-ordinator himself is under the supervision of a State employee. This latter fact alone is enough to destroy the status of the traffic co-ordinator as an independent contractor.
Secondly, the defendant takes a contrary position and basically considers the traffic co-ordinator (Mr. Totten) an employee of the 'State, even though paid by nonpublic funds. This is clearly demonstrated iby the following testimony of Dr. Ackley at pages 148 to 149 of the minutes of the trial herein: “ Q. But Mr. Totten is not a state employee? A. That’s right.
“ Q. Well, who would have the right to discipline the state employees who work for Mr. Totten? A. We would treat Mr. Totten for that purpose exactly the same as the state university.
Q. Thank you very much. So to all intents and purposes, is not Mr. Totten treated and accepted as an employee of the University of the State of New York? A. Yes, we don’t make any .distinctions in that.”
Furthermore, the evidence in the record indicates that the traffic co-ordinator is performing similar duties to those of the civil service safety officers employed by the defendant university. Thus, his employment is clearly a violation of section 6 of article Y of the State Constitution. Even the Legislature of this State could not pass legislation which would validate his employment. This is clearly expressed by the court in the case of People ex rel. McClelland v. Roberts (148 N. Y. 360) at page 366 in the following language: “ The principle that all appointments in the civil service must be made according to merit and witness, to be ascertained by competitive examinations, is expressed in such broad and imperative language that in some respects it must be regarded as beyond the control of the legislature, and secure from any mere statutory changes. If the legislature should repeal all the statutes and regulations on the subject of appointments in the civil service the mandate of the Constitution would still remain, and would so far execute itself as to require the courts, in a proper case, to pronounce appointments made without compliance with its requirements illegal.”
The court does not doubt that the Faculty-Student Association, the traffic co-ordinator and the defendant acted in good faith. However, the good faith of these parties is irrelevant where the issue of the civil service mandate of the Constitution is involved. The Court of Appeals of this State in the case of Palmer v. Board of Educ. (276 N. Y. 222) at page 226 enunciated *1007 this principle as follows: ‘ ‘ An employment which in its inception violates the provisions of the Constitution is illegal and against public policy, regardless of the good faith of the parties. It is the duty of the appropriate administrative officers of the State or its civil divisions to discontinue an illegal employment when they note its illegality, and if rights based upon such employment are asserted in the courts, the legality of the appointment should not go unchallenged by public officers; but regardless of whether the legality is challenged or not, a court must refuse to sanction such an employment which violates the mandate of the Constitution whenever the illegality becomes apparent to it. In such case the defense cannot be waived by the defendant. ‘ The defense is allowed, not for the sake of the defendant, but of the law itself. * * * It will not enforce what it has forbidden and denounced.’ (Coppell v. Hull, 74 U. S. 542, 558; Oscanyan v. Arms Co., 103 U. S. 261; Drake v. Lauer, 93 App. Div. 86; 182 N. Y. 533.) ”
The traffic co-ordinator is not an independent entity. He only exists because there are a university and buildings and parking fields. The university and its physical plant exist only because of public financial support. Thus, the traffic co-ordinator is dependent upon public funds for his very existence. Therefore, the argument, that the traffic co-ordinator is outside the scope of section 6 of article V of the State Constitution merely because his salary was not paid directly out of public funds, is untenable.
The civil service mandate of the Constitution cannot be circumvented. The State University of New York at Stony Brook cannot collect fees for the support of employment which is contrary to and violative of the mandate of the State Constitution. The defendant is hereby enjoined from enforcing the subject regulation.